| | | |
|---|---|---|
| UNITED STATES DISTRICT COURT | | NORTHERN DISTRICT OF TEXAS |

| | | |
|---|---|---|
| QUALITY LEASING CO., INC./QL TITLING TRUST LTD., | § § § | |
| Plaintiff, | § § | |
| vs. | § § | Civil Action |
| NO LIMIT EXPRESS OF TEXAS LLC, DARRYL M. MCGEE and SHARON COLLINS WASH, INDIVIDUALLY, | § § § § § | |
| Defendants. | § § | |

# Complaint

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

1. *Parties.* Plaintiff, QUALITY LEASING CO., INC./QL TITLING TRUST LTD., ("QUALITY LEASING"), is a corporation organized under the laws of Indiana. QUALITY LEASING'S principal place of business is in Indianapolis, Indiana.

2. Defendant No Limit Express of Texas LLC. ("Borrower" or "No Limit Express of Texas") is a Texas limited liability company and may be served with process by serving its registered agent Darryl M. McGee at 350 London Lane, Duncanville, TX 75138 or wherever he may be found.

3. Darryl M. McGee ("Guarantor") is a citizen of the state of Texas and may be served with process at 1405 Taperwicke Dr., Dallas, TX 75232 or wherever he may be found.

4. Defendant Sharon Collins Wash ("Guarantor"), is a citizen of the state of Texas and may be served with process at 6005 Hunters View Lane, Dallas, TX 75232 or wherever she may be found.

5.      *Jurisdiction.*  The district court has jurisdiction under 28 U.S.C. § 1332 (a)(1) because plaintiff and the defendants are citizens of different states and the amount in controversy exceeds $75,000.00, excluding interest and costs.  Plaintiff is an Indiana corporation authorized to do business in Texas, with its principal place of business in Indiana, while the Defendants are a Texas limited liability company, with its principal place of business in Texas, and two citizens/residents of the state of Texas.

6.      *Venue.*  Venue is proper in this district under 28 U.S.C. § 1391 (a)(1) and/or § 1391 (b)(1) because all defendants reside in this district.  Further, a substantial part of the events or omissions giving rise to this claim occurred in this district, thus venue is also proper under 28 U.S.C. § 1391 (a)(1) and/or § 1391 (b)(2).

7.      *Conditions Precedent.*  All conditions precedent have been performed or have occurred.

8.      *Facts.*  On or about January 19, 2017, Borrowers entered into a Master Lease Agreement ("Agreement") with Quality Leasing, pursuant to which Quality Leasing leased the equipment to the Borrower.  See Exhibit 1, the Agreement.  In addition, there is a Supplement to the Master Lease:  Lease #10358-10359, see Exhibit 2.

9.      Pursuant to the terms and conditions of the Supplement to the Master Lease, Borrower agreed to pay the Repayment Amount(s) to Lessor as follows:  (1) Lease #10358:  vehicle identification number 1XKFD49X5DJ337841 – 60 Monthly Payments of $1,176.38 beginning January 20, 2017 with a Maturity Date of January 20, 2022; and (2) Lease #10359:  vehicle identification number 1XKFD49X9DJ337812 – 60 Monthly Payments of $1,176.38 beginning February 1, 2017 with a Maturity Date of February 1, 2022.  The Payment Histories are attached as Exhibits 3 and 4.

A. Deficiency Calculation Lease #10358

10. No Limit Express of Texas defaulted on Lease No. 10358. Quality Leasing sent a Notice of Sale of Collateral and Possible Deficiency on June 3, 2020. See Exhibit 5. As stated on Exhibit 5, Quality Leasing repossessed and then sold the vehicle 2013 KENW T700. The date of sale was June 2, 2020.

11. After selling the vehicle and applying all charges and credits a deficiency balance remained of $40,429.65. The calculation of this amount is as follows:

| | |
|---|---|
| Deficiency Balance Owed Before Sale | $50,103.76 |
| Proceeds of Sale of Asset | $13,500.00 |
| Amount Due After the Sale | $36,603.76 |
| Expenses of Sale | |
|    Repossession Charge | $ |
|    Storages Charges | $ |
|    Preparation for Sale | $ 225.00 |
|    Repairs | $ 2,230.31 |
|    Relocation Fee | $ 358.08 |
|    Other Charges | $ 1,012.50 |
|       Auction Fee | |
| Total Expenses | $ 3,825.89 |
| TOTAL BALANCE DUE | $40,429.65 |

B. Deficiency Calculation Lease #10359

12. No Limit Express of Texas defaulted on Lease No. 10359. Quality Leasing sent a Notice of Sale of Collateral and Possible Deficiency on September 20, 2018. See Exhibit 6. As stated on Exhibit 6, Quality Leasing repossessed and then sold the vehicle 2013 KENW T700. The date of sale was September 19, 2018.

13. After selling the vehicle and applying all charges and credits a deficiency balance remained of $45,726.07. The calculation of this amount is as follows:

| | |
|---|---|
| Deficiency Balance Owed Before Sale | $57,218.57 |
| Proceeds of Sale of Asset | $13,500.00 |
| Amount Due After the Sale | $43,718.57 |
| Expenses of Sale | |
|    Repossession Charge | $   750.00 |
|    Storages Charges | $ |
|    Preparation for Sale | $   245.00 |
|    Repairs | $ |
|    Relocation Fee | $ |
|    Other Charges | $ 1,012.50 |
|       Auction Commissions | |
| Total Expenses | $ 2,007.50 |
| TOTAL BALANCE DUE | $ 45,726.07 |

14. As part of the Agreement, McGee and Wash each executed a personal guaranty (the "Personal Guaranty") pursuant to which they personally guaranteed "the prompt payment of all rent and other amounts to be paid by Lessee to Lessor under the Agreement(s). See Exhibit 7, the Guaranty Agreement. The guaranty was one of payment and performance and not a guaranty of collection. In addition, McGee and Wash waived various notices to which they might be entitled by law, such as notice of protest, presentment, demand, notice of acceptance or of any defaults. See Exhibit 7, page 1, paragraph 3.

15. Upon information and belief Borrower's last payments on both sub leases was on June 25, 2018, thereafter, Borrower breached the Agreements by not making further payments and both Borrower and Guarantors are liable for Borrower's breach. See Exhibits 3 and 4.

16. Quality Leasing has duly demanded that Borrower and Guarantors cure their breach of the Agreements and pay Quality Leasing, but Defendants have failed to do so. See Exhibit 8, demand letter dated March 30, 2021, sent to No Limit Express of Texas and McGee and Wash, Individually.

17. By reason of the foregoing, Quality Leasing has been damaged in the amount of $87,551.22 (Lease #10358 - $43,661.27 and Lease #10359 - $43,889.95). See Exhibit 9, revised breakdown of the balance due.

18. Pursuant to the Master Lease Agreement, Defendants are liable for reasonable costs associated with a breach of the Master Lease Agreement, including but not limited to court costs, and attorney's fees. Quality Leasing has given Defendants written notice that it intends to enforce provisions of the Agreement that require the payment of all costs of enforcement, including reasonable attorneys' fees. Demand pursuant to Chapter 38 of the Texas Civil Practice & Remedies Code has been made. See Exhibit 8.

*First Cause of Action. Plaintiff incorporates Paragraphs 1 through 18 inclusive, as though fully set forth herein, and pleads its First Cause of Action – Breach of Contract.*

19. By reason of the foregoing, Borrower has breached the Master Lease Agreement, causing Quality Leasing to suffer damages.

20. Plaintiff is entitled to recover damages under the Master Lease Agreement in an amount equal to the sum of $87,551.22, as explained in paragraphs 10 – 13, *supra*.

21. Further, attorney's fees are sought pursuant to both the Lease Agreements and Chapter 38 of the Texas Civil Practice and Remedies Code. Attorney's fees are based on the Lodestar method. The hourly rate for lead counsel is $550.00 per hour and more than five hours of time has been

incurred to date in reviewing the file; sending the demand letter, drafting the complaint, obtaining service and complying with initial disclosures.

*Second Cause of Action.  Plaintiff incorporates Paragraphs 1 through 21 inclusive, as though fully set forth herein, and pleads its Second Cause of Action - Breach of Personal Guaranty.*

22. Defendants McGee and Wash each provided a Personal Guaranty, pursuant to which McGee and Wash personally guaranteed prompt payment to Lessor of all amounts due.

23. Borrower breached one or more of the Contractual Covenants in the Agreement with Plaintiff, triggering the Personal Guaranty.

24. Quality Leasing has demanded that McGee and Wash cure Borrower's breach, but McGee and Wash have refused.  As a result, McGee and Wash have breached the Personal Guaranty, causing damages to Quality Leasing in the amount of $87,551.22.  Attorney's fees pursuant to the contract and Chapter 38 of the Texas Civil Practice and Remedies Code are sought.

25. *Default. Quality Leasing* has demanded that defendants pay the indebtedness and defendants have failed to do so.  See Exhibit 8, demand letter dated March 30, 2021, sent to No Limit Express of Texas, and guarantors McGee, individually, and  Wash, individually.

*Prayer.*  Plaintiff prays for the following relief:

(a)    that process issue and Defendants be served as provided by law;

(b)    that Plaintiff have Judgment against Defendants in the amount of $87,551.22, plus attorney's fees as provided in the Agreement and under Texas law, including fees in the event of appeal, plus post-judgment interest at the legal rate, and all costs of court;

(c)    that the Court grant such other and further relief, at law or in equity, for which Plaintiff is justly entitled.

Respectfully submitted,

By: */s/ M. H. Cersonsky*
M. H. Cersonsky, TBN: 04048500
mhcersonsky@law-cmg.com
1770 St. James Place, Suite 150
Houston, Texas 77056
Tel: (713) 600-8500
Fax: (713) 600-8585

**ATTORNEYS FOR PLAINTIFF
QUALITY LEASING CO., INC./
QL TITLING TRUST LTD.**