IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **QUALITY LEASING CO., INC./QL TITLING TRUST LTD,** | § § § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. **3:21-CV-847-L** |
| **NO LIMIT EXPRESS OF TEXAS LLC; DARRYL M. MCGEE; and SHARON COLLINS WASH, individually,** | § § § § § | |
| Defendants. | § § | |

## MEMORANDUM OPINION AND ORDER

Before the court is Plaintiff's Motion for Default Judgment ("Motion") (Doc. 15), filed August 17, 2021. After consideration of the Motion, Plaintiff's brief and evidence, the pleadings, record, and applicable law, the court **grants** Plaintiff's Motion for Default Judgment (Doc. 15).

**I.  Background**

Quality Leasing Co., Inc./QL Titling Trust Ltd. ("Plaintiff") brought this action against No Limit Express of Texas LLC, Darryl M. McGee, and Sharon Collins Wash (collectively, "Defendants") on April 13, 2021, asserting claims for breaches of contract and guaranty. It seeks liquidated damages totaling $87,551.22, attorney's fees totaling $2,475, and postjudgment interest at the applicable federal rate.

**II.  Analysis**

  **A.  Default**

A party is entitled to entry of a default by the clerk of the court if the opposing party fails to plead or otherwise defend as required by law. Fed. R. Civ. P. 55(a). Under Rule 55(a), a default must be entered before the court may enter a default judgment. *Id.*; *New York Life Ins. Co. v. Brown*, 84

F.3d 137, 141 (5th Cir. 1996). The clerk of court has entered a default against Defendants. Based upon the pleadings and information in the record, the court finds, that Defendants are not minors, incompetent, or members of the United States military. Defendants, by failing to answer or otherwise respond to Plaintiff's Complaint, have admitted the well-pleaded allegations of the Complaint and are precluded from contesting the established facts on appeal. *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) (citations omitted). Stated differently, a "defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law." *Wooten v. McDonald Transit Assocs., Inc.*, 788 F.3d 490, 496 (5th Cir. 2015) (citation omitted). Accordingly, a defendant may not contest the "sufficiency of the evidence" on appeal but "is entitled to contest the sufficiency of the complaint and its allegations to support the judgment." *Id.* Based on the well-pleaded allegations in Plaintiff's Complaint, which the court accepts as true, and the record in this action, the court determines that Defendants are in default, and that Plaintiff is entitled to a default judgment on its breach of contract and guaranty claims.

    **B.**    **Damages**

"A default judgment is a judgment on the merits that conclusively establishes the defendant's liability. But it does not establish the amount of damages." *See United States v. Shipco Gen.*, 814 F.2d 1011, 1014 (5th Cir. 1987) (citations omitted). Plaintiff seeks $87,551.22 in liquidated damages for amounts owed jointly and severally by Defendants under its contractual agreements. Plaintiff's pleadings establish the existence of valid contracts with Defendants, that Defendants breached their contractual obligations by failing to perform as promised, and that Plaintiff suffered damages as a result. Defendants are, therefore, liable for breaches of the parties' contracts and guaranty, and the court finds that amount of $87,551.22 requested by Plaintiff is supported by the evidence. Accordingly, Plaintiff is entitled to recover from Defendants, jointly and severally, a total

**Memorandum Opinion and Order– Page 2**

amount of **$87,551.22** in damages and postjudgment interest on this amount at the applicable federal rate of **1.08%**.

      **C.**      **Attorney's Fees**

Plaintiff requests $2,475 in attorney's fees. As the prevailing party on its contractual claims, Plaintiff is entitled to recover its reasonable attorney's fees under section 38.001 of the Texas Civil Practice and Remedies Code. In support of its request for attorney's fees, Plaintiff submitted the affidavit of M.H. Cersonsky. The record reflects that Mr. Cersonsky has been licensed by the State of Texas since 1980; he has 41 years of experience in debt collection and commercial litigation; his hourly rate is $550; and he provided 4.5 hours of legal services. The court finds that this hourly rate is within the range of the usual and customary rate charged by attorneys in the Dallas legal community with similar ability, competence, experience, and skill as that of Plaintiff's counsel for the services performed in cases of this nature. Accordingly, the court finds that the hourly rate of $550 is reasonable. The amount of time spent by Mr. Cersonsky is also reasonable given the debt sought to be collected and his successfully prosecuting this case and obtaining a default judgment. Accordingly, the court determines that Plaintiff is entitled to an award of attorney's fees in the amount of **$2,475**.

**III.**    **Conclusion**

For the reasons herein stated, the court **grants** Plaintiff's Motion for Default Judgment (Doc. 15). Accordingly, the court will enter a default judgment in favor of Plaintiff in the amount of **$87,551.22** in damages, plus postjudgment interest on this amount at the applicable federal rate of **1.08%**. The court also **awards** Plaintiff reasonable attorney's fees in the amount of **$2,475** and taxes all allowable and reasonable costs against Defendants. In accordance with Rule 58 of the Federal Rules of Civil Procedure, a default judgment will issue by separate document.

**Memorandum Opinion and Order – Page 4**

**It is so ordered** this 2nd day of March, 2022.

_____
Sam A. Lindsay
United States District Judge